AO 106 (Rev. 04/10) Application for a Search Warrant

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 1 4 2022

JAMIE GIANI, Clerk
By _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fayetteville Division

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 5:22 cm 10
Indeed.com account for Larisha Green )
larisha1993@icloud.com )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location)*: **See Attachment A**

located in the **Western** District of **Texas**, there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Aaron Baker, U.S. Secret Service Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: **3/14/2022**

_____
Judge's signature

City and state: Fayetteville, Arkansas

Christy Comstock, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Aaron Baker, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises owned, maintained, controlled, or operated by Indeed, Inc., an American worldwide employment website for job listings headquartered at 6433 Champion Grandview Way, Building 1, Austin, Texas. The information to be searched is described in the following paragraphs and in Attachment A. This Affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), to require Indeed, Inc., to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the account, including the contents of communications.

2. I am a Special Agent with the United States Secret Service and have been so employed since 1999. I am currently assigned to the Little Rock Field Office. I am a graduate of the Federal Law Enforcement Training Center located in Glynco, Georgia. I am also a graduate of the Secret Service Special Agent Training Program located in Beltsville, Maryland. Prior to my employment with the Secret Service, I was a Commissioned Law Enforcement Officer with the Springdale Police Department for two years. In the course of my official duties as a Special Agent with the Secret Service, I have been involved in cases involving credit card fraud, bank fraud, access device fraud, and counterfeit currency and securities. As part of my training with the Secret Service, I have received specialized instruction on investigating financial crimes, credit card fraud, mail and wire fraud, identity theft, and the manufacturing of counterfeit currency. I

have also received specialized training in the investigation of basic electronic crimes involving the use of computers and other electronic devices.

3. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1343 (Wire Fraud) have been committed by unknown persons. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Western District of Arkansas is a district court of the United States that has jurisdiction over the offense being investigated.

## PROBABLE CAUSE

6. In March 2021, Larisha Green received $727,253.63 into her personal bank account at Fifth Third Bank, that she was not entitled to receive. Those funds were fraudulently obtained from Tyson Foods, headquartered in Springdale, Arkansas, which is in the Western District of Arkansas, Fayetteville Division, by unknown entities through a business email compromise (BEC).

7. On February 26, 2021, the Tyson Foods Accounts Payable department received an email from someone self-identifying as J.M.[1] from Blackline Safety, requesting a change in their payments from Tyson Foods. Attached to the email was an electronic funds transfer agreement and a voided check with a new account at Fifth Third Bank for payments to be sent to.

8. On March 1, 2021, Tyson Foods received a follow-up email with an invoice number, requesting payment and a reminder to send payment to the new account.

9. The emails sent to Tyson Foods were received in the Western District of Arkansas, Fayetteville Division.

10. The emails sent to Tyson Foods were received in the Western District of Arkansas, Fayetteville Division.

11. Tyson Foods sent two payments to the new account: $602,448,50 on March 21, 2021, and $124,805.13 on March 23, 2021.

12. Fifth Third Bank flagged the two incoming payments from Tyson Foods as potentially fraudulent, froze the funds, and contacted Tyson Foods' bank, JP Morgan Bank. The account holder had removed $15,354.31 of the funds prior to the account being frozen.

13. On April 6, 2021, JP Morgan Bank contacted Tyson Foods and advised them that the funds had been sent to a potentially fraudulent account, and Tyson Foods contacted your Affiant on April 7, 2021.

14. Records provided by Fifth Third Bank showed that the receiving account belonged to Larisha Green ("Green").

---

[1] J.M. is the name of a real employee at Blackline Safety and their initials are being used to protect their identity.

15. Blackline Safety advised that Green was not an employee and had never been an employee. Blackline Safety also determined that employee J.M.'s email was inappropriately accessed on February 22, 2021, with the source of compromise traced to Nigeria.

16. Your Affiant interviewed Green on July 28, 2021. Green claimed she posted her resume online at Indeed.com. Green claimed to have received a phone call regarding a job response from an unidentified male subject who was looking for someone to work from home as an office assistant, and that Green's job would be to send money to various companies for sponsorships. Green was told that she would need to provide her bank account information so the sponsorship money could be sent to her.

17. Green told the "employer" she was interested in the job, provided her bank account information, and was subsequently wired $602,448.50 on March 23, 2021, and $124,805.13 on March 24, 2021. Green was told the second wire transfer was for her annual salary paid up front.

18. Green claimed she did not know she had received fraudulently-obtained money. Green further claimed that she did not remember the person who contacted her, and she had no contact information for that person. Green also claimed that any phone calls or texts with that person occurred on a phone she no longer possessed.

19. Your Affiant believes that the subject who contacted Green obtained her information from the resume Green posted online with Indeed.com. Therefore, it is requested that Indeed, Inc., provide all communications to and from Green's account, as well as any information related to persons and entities that viewed the resume posted by Green. This would include telephonic communications, electronic communications, IP addresses, and/or any other communications, correspondence between Green and entities responding to her resume posting,

and the account information and IP addresses for any person or entities that viewed Green's resume.

20. Indeed Inc, is an American worldwide employment website for job listings headquartered in Austin, Texas. It is also the highest-traffic job website in the United States. Indeed, Inc., allows the job seeker to create an account, upload the job seeker's resume and search from a vast selection of opportunities that fit the job seeker's specific criteria.

21. The job seeker may also apply for jobs listed on Indeed's website and subsequently receive messages from those employers through the profile created by the job seeker. The profile provides contact information for the job seeker.

22. Due to the job seeker's profile information being provided to employers, Indeed, Inc., should have the communication information occurring on their platform between the job seeker and the employers that are pursuing the job seeker and vice versa.

23. In general, providers like Indeed, Inc., ask each of their subscribers to provide certain personal identifying information when registering for an account. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, e-mail addresses, and, for paying subscribers, a means and source of payment (including any credit or bank account number).

24. Providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account. In addition, providers often have records of the Internet Protocol address (IP address) used to register

the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

25. In some cases, account users will communicate directly with a provider about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

26. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Indeed, Inc., to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

27. Based on the forgoing, I request that the Court issue the proposed search warrant.

28. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

29. The government will execute this warrant by serving the warrant on Indeed, Inc. Because the warrant will be served on Indeed, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

_____
Aaron Baker
Senior Special Agent
U.S. Secret Service

Subscribed and sworn to before me on  **3/14/2022** , 2022.

_____
CHRISTY D. COMSTOCK
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Indeed.com account for Larisha Green, DOB: 10/14/93, SSN: 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, larisha1993@icloud.com, that is stored at premises owned, maintained, controlled, or operated by Indeed, Inc., a company headquartered at 6433 Champion Grandview Way, Building 1, Austin, Texas 78750.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Indeed Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Indeed, Inc., regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Indeed, Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Indeed, Inc., is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. All account information. Specifically, provide information as to when Green submitted her resume to Indeed.com for posting as well as the resume contents Green submitted.

b. Identifying information and contact information for any company, employer, or service provider ("Employers") that contacted Green after her resume was posted with Indeed.com, or viewed Green's resume after it was posted.

c. Provide any IP addresses associated to Larisha Green or any Employers that contacted her regarding her resume or viewed her resume.

d. Provide any communications between Green and any Employers, to include, but not limited to, text messages, emails, or social media messages.

e. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

f. The types of service utilized by Larisha Green;

g. All records or other information stored by an individual using the account, including employer contact information including phone numbers and emails of the employer.

h. All records pertaining to communications between Indeed, Inc., and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of issuance of this warrant.

**II.     Information to be seized by the government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1343 involving Larisha Green since January 1, 2021, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) All communications between Larisha Green and any Employers soliciting her job services.

(b) The identity of any Employers, as well as who created or used the Employers' user ID, including records that help reveal the whereabouts of such person(s).

(c) The identity of person(s) who communicated with Larisha Green about matters relating to a job opportunity, including records that help reveal their whereabouts.

(d) Any records that could help identify any Employers and persons that communicated with Larisha Green, to include information that could aid in identifying those Employers and persons.